Alison L. Lynch (SBN 240346)
Sarah Raoof (SBN 329260)
JACKSON LEWIS P.C.
200 Spectrum Center Drive, Suite 500
Irvine, CA 92618
Telephone:  (949) 885-1360
Facsimile:  (949) 885-1380
Email:     alison.lynch@jacksonlewis.com
           sarah.raoof@jacksonlewis.com

Attorneys for Defendant WESTERN GOVERNORS UNIVERSITY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDSEY MACK, an individual,<br><br>　　　　　　Plaintiffs,<br><br>　vs.<br><br>WESTERN GOVERNORS UNIVERSITY, a Nonprofit Corporation, and DOES 1 through 20, inclusive,<br><br>　　　　　　Defendants. | CASE NO.:  **'23CV1842 RBM MSB**<br><br>**DEFENDANT WESTERN GOVERNORS UNIVERSITY'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1331, 1332, 1367, AND 1441**<br><br>[San Diego Superior Court Case No. 37-2023-00037783-CU-OE-CTL]<br><br>Action Filed:   August 31, 2023<br>Date Removed:  October 6, 2023 |

**TO THE HONORABLE COURT AND TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that WESTERN GOVERNORS UNIVERSITY ("WGU"), a defendant in the above-titled action, hereby removes this matter to the United States District Court for the Southern District of California pursuant to 28 U.S.C. sections 1332, and 1441(b) based on the grounds of diversity jurisdiction. In support thereof, WGU asserts the following:

## DIVERSITY JURISDICTION

1. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. sections 1332 and 1441. This case may be removed pursuant to 28 U.S.C. sections 1332, 1441, and 1446 because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## TIMELINESS OF REMOVAL

2. Plaintiff Lindsey Mack ("Plaintiff") filed a Complaint against WGU on August 31, 2023, in the Superior Court of the State of California, County of San Diego. The state court assigned Plaintiff's Complaint with Case No. 37-223-00037783-CU-OE-CTL. A true and correct copy of Plaintiff's Complaint is attached as **Exhibit A** to the Declaration of Alison L. Lynch ("Lynch Decl.") filed concurrently with this Notice of Removal.

3. Plaintiff served WGU via personal service on September 8, 2023, making its responsive pleading due on or before October 9, 2023. A true and correct copy of the Summons and Complaint is attached as **Exhibit B** to the Declaration of Alison L. Lynch.

4. On October 5, 2023, WGU Answered Plaintiff's Complaint in State Court. A true and correct copy of WGU's Answer is attached as **Exhibit C**.

5. As of the date of this Notice of Removal, **Exhibits A, B, and C** to the Declaration of Alison L. Lynch constitute all of the pleadings served on or served by WGU in this matter, and no further proceedings have occurred in the state court. [Lynch Decl., ¶¶ 2-6]

6. This removal is timely because it has been filed within thirty (30) days after service of Plaintiff's Summons and the Complaint on WGU, and it thus falls within the time period required by 28 U.S.C. section 1446(b). The United States Supreme Court has held that the 30-day removal deadline is triggered by actual service, as opposed to receipt of the complaint through other means. *Murphy Bros., Ins. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

---

## **VENUE IS PROPER**

7. A "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant[s] . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Plaintiffs filed the Complaint in Superior Court of California for the County of San Diego. Venue of this action, thus, lies in the United States District Court for the Southern District of California, as this district "embrac[es] the place where" the state action is pending. 28 U.S.C. § 1441(a).

## **REMOVAL BASED ON DIVERSITY JURISDICTION**

**Diversity of Citizenship**

8. This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1332 and is one which may be removed to this Court by Defendant pursuant to the provisions 28 U.S.C. section 1441(b) in that it is a civil action between citizens of different states.

9. Plaintiff is, and was at all times relevant to this action, a resident of California. [**Exhibit A**, ¶ 1.] Furthermore, Plaintiff filed her Complaint in the State of California for the County of San Diego seeking the protections of the laws of this state. Thus, Plaintiff should properly be construed a citizen of the State of California. *Mondragon v. Capital One Auto Finance*, 736 F3d 880, 886 (9th Cir. 2013) ("Court should consider 'the entire record' to determine whether evidence of residency can properly establish citizenship.'")

10. Defendant Western Governors University is a non-profit corporation organized under the laws of the State of Utah. [Declaration of Sarah Hook ("[Hook] Decl.") ¶ 3.] Since Plaintiff's employment, including the date of the Complaint, WGU has maintained the same corporate status. As of date of this Notice of Removal, WGU's status remains the same. [*Id.*]

11. At the time of the filing of the Complaint, WGU's headquarters and principal place of business was in Salt Lake City, Utah. [Hook Decl., ¶ 4.] As of the date

of this Notice of Removal, WGU's headquarters and principal place of business remain in Salt Lake City, Utah. [*Id.*] From the executive and administrative offices at this location, WGU's officers direct, control, and coordinate its nationwide services and overall business operations. [*Id.*] WGU's corporate officers perform their primary fundamental operations out of Utah, not California. [*Id.*] WGU is thus a citizen of Utah for purposes of diversity jurisdiction under the "nerve center" test. 28 U.S.C. § 1332(c)(1); *Hertz v. Friend*, 559 U.S. 77, 78 (2010) (holding that a corporation's "principal place of business" under section 1332(c)(1) is typically its corporate headquarters so long as the headquarters is the actual center of direction, control, and coordination rather than an office to hold board meetings).

12.     Thus, with Plaintiff as a citizen of California, and WGU a citizen of Utah, complete diversity of citizenship between the parties exist within the meaning of 28 U.S.C. § 1332.

**Basis for Amount in Controversy**

13.     Without conceding that Plaintiff is entitled to damages or can recover damages in any amount whatsoever, the amount in controversy in this action exceeds $75,000. 28 U.S.C. §1332(a). The failure of the Complaint to specify the total amount of monetary relief sought by Plaintiff does not deprive this Court of jurisdiction. *See* 28 U.S.C. § 1446(c)(2)(A) (allowing the Notice of Removal to assert the amount in controversy if the initial pleading seeks non-monetary relief or a money judgment and the State practice does not permit a demand for a specific sum and the District Court finds by a preponderance of the evidence that the amount in controversy exceeds $75,000.00); *White v. J.C. Penney Life Ins. Co.*, 861 F. Supp. 25, 26 (S.D. W. Va. 1994) (defendant may remove suit to federal court notwithstanding the failure of plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "any plaintiff could avoid removal simply by declining . . . to place a specific dollar value upon its claim.") A defendant need only establish by a preponderance of the evidence that it is more probable than not that the plaintiff's claimed damages exceed the jurisdictional minimum.

*See* 28 U.S.C. § 1446(c)(2)(B); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1997). Further, in determining whether a complaint meets the amount in controversy threshold for a removal under 28 U.S.C. section 1332(a), a court may consider the aggregate value of claims for compensatory damages and attorney's fees. *See e.g.*, *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) (attorney's fees may be taken into account to determine jurisdictional amount); *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1168 (6th Cir. 1975) ("It is settled that the statutory penalty and a statutory attorney's fees can be considered in determining whether the jurisdictional amount is met.").

14. In determining whether the amount in controversy exceeds $75,000, the Court must presume that the plaintiff will prevail on each and every one of her claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002), citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that "plaintiff prevails on liability"), citing also *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated"). The argument and facts set forth herein may appropriately be considered in determining whether the jurisdictional amount in controversy is satisfied. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 843, n.1 (9th Cir. 2002) (citing *Willingham v. Morgan*, 395 U.S. 402, 407 n.3 (1969)).

15. The amount in controversy may include general and special compensatory damages and attorneys' fees which are recoverable by statute. *Galt v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998). The Court may examine the nature of the action and the relief sought, and may take judicial notice of attorney's fee awards in similar cases. *See*, e.g., *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002) (noting that attorneys' fees in individual employment discrimination cases often exceed damages).

16. Punitive damages are also included in calculating the amount in controversy.

*Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *see also Aucina v. Amoco Oil Co.*, 871 F.Supp. 332 (S.D. Iowa 1994).

17. Here, Plaintiff seeks: 1) "economic damages in excess of $5,000,000"; 2) compensatory damages, including pain and suffering (non-economic damages) "in excess of $10,000,000"; 3) liquidated damages; 4) civil penalties; 5) punitive damages; and 6) attorney's fees, interest and cost. **[Exhibit A, Prayer for Relief.]**

18. **<u>Economic Damages</u>**: Plaintiff alleges that she suffered and continues to suffer economic losses, including lost earnings and benefits. [**Exhibit A**, ¶¶ 29, 30, 38, 50, 54, 64, 65, 72, 73, and 78 and Prayer for Relief, ¶¶ 1, 2, 3, and 5]. FEHA provides for an award to successful plaintiffs of lost wages including front pay, which is the salary and benefits a plaintiff would have earned from the date of employment termination through the time when the plaintiff should reasonably be expected to find comparable employment. The proper measure of front-pay damages is the amount necessary to restore the plaintiff to the economic position the plaintiff would have occupied but for the illegal discrimination of the employer. *Allen v. Cornish & Carey*, NO. 96-20254 SW, 1997 U.S. Dist. LEXIS 14071, at *18 (N.D. Cal. Apr. 11, 1997) citing *Cassino v. Reichhold Chemicals, Inc.*, 817 F.2d 1338, 1346 (9th Cir. 1987). WGU has a reasonable, good faith belief that Plaintiff seeks damages for lost wages and front pay on her FEHA claims near if not in excess of the jurisdictional requirement of $75,000.00 for the following reasons:

    a. Plaintiff specifies in her Complaint that she is seeking economic damages "in excess of $5,000,000 according to proof";

    b. At the time of her alleged termination on June 17, 2022, Plaintiff earned an annual base salary of $51,480 which is approximately $24.75 per hour as an employee of WGU. [Hook Decl., ¶ 5.] Between her September 26, 2022 termination and the date of filing of this lawsuit, Plaintiff's back pay alone is $48,510.

    c. Assuming that Plaintiff takes this matter to trial exactly 18 months from the

date of filing of the Complaint, Plaintiff would accrue additional back pay in the amount of $71,280. Combined with Plaintiff's lost wages from termination to date of filing of lawsuit, Plaintiff's total claim for back pay would amount to $119,430.

d. Assuming that Plaintiff also recovers front pay for 6 months, this front pay alone would be $23,760, not including emotional distress damages or punitive damages.

19. **Emotional Distress Damages**: Plaintiff seeks damages for emotional and mental distress "in excess of $10,000,000.". [**Exhibit A**, ¶¶ 29, 38, 50, 54, 65, 72, and Prayer for Relief.] For this reason alone, the amount in controversy exceeds $75,000. Although WGU vigorously denies Plaintiff's allegations, if Plaintiff was to prevail, the emotional damages alone for Plaintiff could also exceed the $75,000.00 jurisdictional minimum. *See*, *e.g.* *Swinton v. Potomac Corp.*, 270 F.3d 794, 799 (9th Cir. 2001) (affirming award of $30,000 in emotional distress damages in employment discrimination case where back pay was only $5,612); *Velez v. Roche*, 335 F.Supp.2d 1022, 1038-40 (N.D. Cal. 2004) (surveying discrimination and retaliation cases awarding emotional distress damages and concluding "that substantial jury awards of hundreds of thousands of dollars for non-economic damages have been upheld where there is evidence . . . the plaintiff suffered heightened mental anguish"); *Gardenhire v. Housing Authority*, 85 Cal.App.4th 236, 237 (2000) (upholding emotional distress award of $1.3 million in a case alleging retaliation).

20. **Punitive Damages**: Although WGU vigorously denies Plaintiff's allegations, if Plaintiff was to prevail, the punitive damages alone for Plaintiff could also exceed the $75,000.00 jurisdictional minimum. *Ponce v. Medical Eyeglass Ctr., Inc.*, 2015 U.S. Dist. LEXIS 98517, at *11-12 (C.D. Cal. July 27, 2015) (citing punitive damages awards in large amounts, including, $2,340,700, $200,000, and $40,000,000).

21. **Attorneys' Fees**: Plaintiff also seeks to recover attorneys' fees under FEHA. [**Exhibit A**, ¶¶ 30, 38, 54, 65, 73 and Prayer for Relief, ¶ 8.] Attorneys' fees are

recoverable to the prevailing party under FEHA. Plaintiff's claims for attorneys' fees will likely exceed $75,000.00. WGU's lead attorney, Alison L. Lynch, has represented employers in employment litigation for over 18 years in California, and is familiar with fees requested by Plaintiff's counsel in similar actions filed in California state and federal courts. [Declaration of Alison L. Lynch, ¶ 3.] Based on Plaintiff's allegations, it would not be unreasonable to expect that attorneys' fees will exceed the sum of **$75,000.00** for Plaintiff through trial. [*See id.*]

22. Accordingly, given the amounts of the potential damages at issue as outlined above, Plaintiff's allegations satisfy the jurisdictional prerequisite for amount in controversy as it cannot be said to a legal certainty that Plaintiff would not be entitled to recover in excess of $75,000 should she prevail. *Anthony v. Security Pacific Fin. Servs.*, Inc., 75 F.3d 311, 315 (7th Cir. 1996); *Watson v. Blankinship*, 20 F.3d 383, 386–87 (10th Cir. 1994).

23. For these reasons, this Court has original jurisdiction pursuant to 28 U.S.C. sections 1331 and 1332, and this action may be removed by WGU to this Court pursuant to 28 U.S.C. section 1441 based on diversity jurisdiction.

### NOTICE TO ALL PARTIES AND STATE COURT

24. In accordance with 28 U.S.C. section 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers promptly will be served on Plaintiff's counsel and filed with the Clerk and the San Diego County Superior Court. Therefore, all procedural requirements under 28 U.S.C. section 1446 have been satisfied.

### CONCLUSION

25. Based on the foregoing, WGU removes this action to this court pursuant to the provisions of 28 U.S.C. §§ 1332 and 1441, et seq. because the action is between citizens of different states and on the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

/ / /

26. WHEREFORE, WGU respectfully removes the above action pending in the San Diego County Superior Court.

Dated: October 6, 2023     JACKSON LEWIS P.C.

By: */s/ Alison L. Lynch*
Alison L. Lynch
Sarah Raoof

Attorneys for Defendant WESTERN GOVERNORS UNIVERSITY

4868-6882-6241, v. 1