Kamran Shahabi (State Bar No. 276194)
ks@valiantlaw.com
Paul Nolan (State Bar No. 192267)
pjn@valiantlaw.com
**VALIANT LAW**
800 Ferrari Lane, Suite 100
Ontario, California 91764
Phone: 909 677 2270 ♦ Fax: 909 677 2290

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
**08/31/2023** at 03:27:07 PM
Clerk of the Superior Court
By Sophia Felix, Deputy Clerk

Attorneys for PLAINTIFF, LINDSEY MACK

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN DIEGO**

| | |
|---|---|
| LINDSEY MACK, an individual<br><br>PLAINTIFF,<br><br>v.<br><br>WESTERN GOVERNORS' UNIVERSITY, a Nonprofit Corporation, and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No 37-2023-00037783-CU-OE-CTL<br><br>**PLAINTIFF'S COMPLAINT FOR:**<br><br>1. Sex Discrimination in Violation of Government Code § 12940;<br>2. Retaliation in Violation of Government Code § 12940;<br>3. Whistleblower Retaliation in Violation of Labor Code § 1102.5;<br>4. Failure to Prevent Discrimination, Harassment, and Retaliation in Violation of FEHA<br>5. Wrongful Termination in Violation of Public Policy;<br>6. Failure to Indemnify Necessary Expenditures in Violation of Labor Code § 2802; and<br>7. Waiting Time Penalties Pursuant to Labor Code §§ 201 and 203.<br><br>**DEMAND FOR JURY TRIAL** |

**COMES NOW** PLAINTIFF, LINDSEY MACK, an individual, and alleges as follows:

**JURISDICTION AND VENUE**

1.      This is an unlimited civil case and the Court has jurisdiction over this action because

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

1    the amount of controversy exceeds $25,000, exclusive of interest and costs.

2        2.    Jurisdiction and Venue are proper in this Court under California Labor Code § 925,

3    as PLAINTIFF is a California resident, PLAINTIFF's claims arose in California as a California

4    employee, and thus "the matter shall be adjudicated in California and California law shall govern."

5                              **PARTIES**

6        3.    PLAINTIFF LINDSEY MACK (hereinafter, "PLAINTIFF"), at all times relevant

7    hereto, was and is a resident of the State of California.

8        4.    PLAINTIFF is informed and believes, and thereon alleges, that Defendant

9    WESTERN GOVERNORS' UNIVERSITY (hereinafter, "WGU"), is a Utah Nonprofit Corporation

10   which does business throughout the United States and, more specifically, with PLAINTIFF's

11   residence and place of business in the State of California.

12       5.    PLAINTIFF is informed and believes, and thereon alleges, that DOES 1 through 20,

13   inclusive (hereinafter referred to as "DOES"), are or were individuals and/or are or were doing

14   business at all times herein mentioned and material hereto in the State of California, and are/were

15   the alter ego, agent, managing agent, principal, owner, partner, joint venture, representative,

16   manager, and/or co-conspirator of each of the other defendants, and were at all times mentioned

17   herein acting within the course and scope of said agency and employment, and that all acts or

18   omissions alleged herein were duly committed with the ratification, knowledge, permission,

19   encouragement, authorization and consent of each defendant designated herein.

20       6.    The true names and capacities, whether individual, corporate or associate, or

21   otherwise, designated herein as DOES, are unknown to PLAINTIFF at this time, who, therefore,

22   sue said DOES by such fictitious names and will ask leave of Court to amend this Complaint to

23   show their true names and capacities when ascertained.

24       7.    PLAINTIFF is informed and believes and based thereon, alleges that at all times

25   material hereto, WGU and DOES 1 through 20 (hereinafter collectively referred to as

26   "DEFENDANTS") and each of them, were duly authorized agents, or servants, or representatives,

27   or co-conspirators of the other, or the alter ego, or the principal, or the owner, or representatives,

28   and were acting at all times within the course and scope of their agency or representative capacity

1   with the knowledge and consent of the other.

2         8.     All of the acts and conduct herein and below described of each and every corporate

3   Defendant was duly authorized, ordered by management-level employees of said corporate

4   employers. In addition, thereto, said corporate employers participated in the aforementioned acts

5   and conduct of their said employees, agents, and representatives, and each of them; and upon

6   completion of the aforesaid acts and conducts of said corporate employees, agents and

7   representatives, the Defendant corporations, respectively and collectively, ratified, accepted the

8   benefits of, condoned, lauded, acquiesced, authorized and otherwise approved of each and all of the

9   said acts and conduct of the aforementioned corporate employees, agents and representatives.

10   **EXHAUSTION OF ADMINISTRATIVE PROCEEDINGS**

11         9.     PLAINTIFF exhausted her administrative remedies by timely filing a complaint for

12   the issues required to be raised herein against WGU with the California Department of Fair

13   Employment & Housing ("DFEH") and thereafter received a "Right to Sue" letter from the DFEH

14   attached hereto as Exhibit "A."

15   **FACTUAL ALLEGATIONS**

16         10.    WGU is a private online university which offers web-based learning to students

17   throughout the United States and, specially, California. PLAINTIFF began her employment with

18   WGU in or around November 2017 as an evaluator.

19         11.    Throughout her entire employment with WGU, PLAINTIFF's employment position

20   was fully remote with PLAINTIFF performing all employment tasks from California.  As such,

21   PLAINTIFF was, at all times, eligible to receive reimbursement for necessary expenses including,

22   but not limited to, internet access and phone bills pursuant to the Labor Code.

23         12.    In or around August 2021, PLAINTIFF began advising WGU's Human Resources

24   department that WGU failed to properly compensate PLAINTIFF for such expenses. Unfortunately,

25   PLAINTIFF's complaints continually fell on deaf ears. It wasn't until approximately one year later

26   – in or around August 2022, while PLAINTIFF was out on maternity leave, that WGU finally

27   investigated PLAINTIFF's complaints and requests for reimbursement of her expenses.

28   Unfortunately, and in conscious disregard for her rights, WGO has failed to fully reimburse

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

1    PLAINTIFF for all necessary expenses she has incurred to date.

2        13.    Throughout her history of employment with WGU, PLAINTIFF was also the victim
3    of a hostile and harassing work environment in which she was improperly singled out for
4    disciplinary action without any basis whatsoever in a concerted effort by WGU to terminate anyone
5    it considered to be problematic.  These unfounded efforts to discipline PLAINTIFF were simply
6    acts of retaliation carried out with the intent to constructively terminate PLAINTIFF.

7        14.    Further, PLAINTIFF experienced discrimination and retaliation as a direct result of
8    her notice of pregnancy and subsequent maternity leave. Notably, in or around March 2022,
9    approximately one month prior to PLAINTIFF's scheduled maternity leave in April 2022, WGU
10   announced that they would be restructuring and creating new management positions. PLAINTIFF,
11   meeting all the posted position requirements and seeking to continue her career growth with WGU,
12   submitted her application for one of the new management positions. Unfortunately, Kirk Welter
13   (hereinafter, "WELTER"), the Vice President over WGU's restructuring and the hiring manager,
14   was informed of PLAINTIFF's pregnancy status and maternity leave during the application process.
15   As a direct result, PLAINTIFF was discriminated against by being overlooked for the position.
16   Worse still, PLAINTIFF later discovered that the position was presented to an applicant who was
17   much less qualified than her and who failed to meet the posted position requirements –
18   demonstrating WGU's animus against PLAINTIFF based upon her pending pregnancy and
19   maternity leave and continued retaliation.

20       15.    Adding insult to injury, while out on maternity leave, PLAINTIFF was once again
21   overlooked for promotional opportunities due to her pregnancy and maternity leave status. In or
22   around April 2022, another position became available, this position was for Senior Evaluator.
23   Notably, this position is given based on tenure. PLAINTIFF, having worked for WGU for
24   approximately five years, met the tenure requirement and would have been a top candidate for this
25   position. Unfortunately, WGU once again displayed their discriminatory animus by failing to
26   include PLAINTIFF's information in the application process. When she confronted WGU about
27   this, she was informed that her name was not included on account of her pregnancy and related
28   leave.

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

16.     Thereafter, on or about September 22, 2022, PLAINTIFF returned from maternity leave. Shelly Sinclair (hereinafter "SINCLAIR"), PLAINTIFF's new supervisor, directed her to access the WGU internet site, SharePoint, which houses documents such as recordings of team meetings, training documents, and team resources in order to familiarize herself after coming back from leave. To PLAINTIFF's utter shock and surprise, she observed that personal and private information related to herself and her colleagues was available for anyone to access on the SharePoint site. Specifically, pay rates of new hires, addresses and phone numbers of all team members, performance data, individualized performance plans and corrective action documents.

17.     PLAINTIFF recognized this open access and improper availability of private information as a violation of privacy and immediately advised WGU's legal team of the situation as she did not trust her supervisor to handle this issue properly. During this process, PLAINTIFF stressed that WGU employees conduct an annual Family Educational Rights and Privacy Act ("FERPA") training in order to prevent breaches such as the one PLAINTIFF discovered through the SharePoint site. PLAINTIFF further requested that WGU immediately inform all members of this site that their personal information was being shared without their knowledge or consent.

18.     Shockingly, *four days later*, on or about September 26, 2022, PLAINTIFF received an email from WGU's Human Resources advising her that "effective tomorrow you will no longer be employed at the university." PLAINTIFF reached out and requested a reason for her termination, however she never received a response. Moreover, PLAINTIFF is informed and believes WGU wrongfully terminated her employment in retaliation for her discovery and complaints related to WGU's breach of her and her colleagues' privacy rights.

19.     PLAINTIFF now commences this suit against DEFENDANTS, and each of them, and alleges the following:

### **FIRST CAUSE OF ACTION**

### **Sex Discrimination in Violation of California Government Code § 12940**

### **(As to All DEFENDANTS)**

20.     PLAINTIFF incorporates by reference, repeats, and realleges, each and every preceding and subsequent paragraph as though fully set forth herein.

21.     WGU was PLAINTIFF's employer at all relevant times mentioned herein. PLAINTIFF was WGU's employee at all relevant times mentioned herein.

22.     At all times herein mentioned, Government Code §§ 12940 et seq., was in full force and effect and was binding on WGU. This statute requires WGU to refrain from discrimination against any employee based on their sex. Further, WGU may not refuse to hire, select for a training program or promotion, and may not discharge, discriminate, or retaliate against PLAINTIFF because of her sex or for opposing any unlawful employment practice, filing a complaint, testifying or assisting in any proceeding under the FEHA (Gov. Code § 12940 et seq.)

23.     California Government code section 12926(r)(1) defines "sex" to include "pregnancy or medical conditions related to pregnancy" (Cal. Gov't Code § 12926(r)(1)(A).) California Government code section 12926(r)(1) defines "sex" to further include "childbirth or medical conditions related to childbirth." (Cal. Gov't Code § 12926(r)(1)(B).) Furthermore, California Government code sections 12926 and 12940 requires an employer to allow an employee disabled by pregnancy, childbirth or related medical conditions to take a leave of absence and to maintain her health insurance during the leave. Additionally, FEHA protects a women's right to hold employment and receive paid maternal leave for pregnancy. Therefore, it is illegal for an employer to terminate an employee for their pregnancy status.

24.     WGU knew, or reasonably should have known, that PLAINTIFF's pregnancy would limit her major life activities, or that PLAINTIFF might require certain reasonable accommodations related to her pregnancy, specifically maternity leave.

25.     WGU, however, engaged in a pattern and practice of sex discrimination beginning in or around March 2022 through PLAINTIFF's termination. WGU's managers and supervisors, trusted to employ fair and legal practices, denied PLAINTIFF her legal rights, and treated her differently because of her sex – specifically her pregnancy.

26.     PLAINTIFF was treated differently, discriminated, and retaliated against because of her sex – specifically her pregnancy. PLAINTIFF was subject to disparate treatment and discrimination by being denied and overlooked for two separate promotional opportunities on account of her pregnancy and subsequent maternity leave.

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

27.    WGU's discrimination and retaliation include (without limitation) PLAINTIFF being denied two separate promotional opportunities and ultimately terminated.

28.    By engaging in the above referenced acts and omission, WGU discriminated against PLAINTIFF because of her sex in violation of Government Code §§ 12940, et seq. and PLAINTIFF was significantly harmed. WGU's conduct was a substantial factor in causing PLAINTIFF's harm.

29.    As such, and as a result of WGU's unlawful conduct, PLAINTIFF suffered and continues to suffer economic loss or disadvantage both as earnings and benefits, and emotional distress, including (without limitation), depression, decline in health, anxiety, embarrassment, humiliation, loss of self-esteem, and mental anguish.

30.    PLAINTIFF will seek economic damages, non-economic damages, punitive damages, recovery of her reasonable attorney's fees and costs as the prevailing party and in amounts to be proven at trial in addition to interest thereon and any and all other remedies and damages available under the applicable laws.

## SECOND CAUSE OF ACTION

### Retaliation in Violation of California Government Code § 12940

### (As to All DEFENDANTS)

31.    PLAINTIFF incorporates by reference, repeats, and realleges, each and every preceding and subsequent paragraph as though fully set forth herein.

32.    WGU was PLAINTIFF's employer at all relevant times mentioned herein. PLAINTIFF was WGU's employee at all relevant times mentioned herein.

33.    California Government Code § 12940(h), et seq. makes it an unlawful employment practice for an employer to retaliate against an employee who participated in a protected activity.

34.    PLAINTIFF engaged in a protected activity when she requested reasonable accommodations for her pregnancy, specifically maternity leave.

35.    In response thereto, WGU retaliated against PLAINTIFF by overlooking her application for a management position in addition to failing to consider her for promotional opportunities simply because she was out on maternity leave.

36.    By engaging in the above-referenced acts and omissions, WGU, and each of them,

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

1   retaliated against PLAINTIFF because she participated in protected activities in violation of

2   Government Code § 12940 et seq.

3       37.    WGU's retaliatory conduct was a substantial factor in causing PLAINTIFF's harm.

4       38.    As a result of WGU's unlawful conduct, PLAINTIFF suffered and continues to

5   suffer economic loss or disadvantage both as earnings and benefits, and distress, including but not

6   limited to, depression, decline in health, anxiety, embarrassment, humiliation, loss of self-esteem,

7   and mental anguish. PLAINTIFF is entitled to and will seek exemplary, general, and compensatory

8   damages and attorney's fees and costs in amounts to be proven at trial in addition to interest thereon

9   and any and all other remedies and damages available under the applicable laws.

10   **THIRD CAUSE OF ACTION**

11   **Whistleblower Retaliation in Violation of Labor Code § 1102.5**

12   **(As to All DEFENDANTS)**

13       39.    PLAINTIFF incorporates by reference, repeats, and realleges, each and every

14   preceding and subsequent paragraph as though fully set forth herein .

15       40.    WGU was PLAINTIFF's employer at all relevant times mentioned herein.

16   PLAINTIFF was WGU's employee at all relevant times mentioned herein.

17       41.    At all times herein mentioned, Labor Code § 1102 was in full force and effect to

18   promote a "broad public policy interest in encouraging workplace whistleblowers to report unlawful

19   acts without fearing retaliation." (See *Green v. Ralee Engineering Co*. (1998) 19 Cal.4[th] 66, 77.)

20       42.    In or around August 2021, PLAINTIFF complained to WGU regarding their failures

21   to properly compensate her for all business expenses related to her remote position – specifically

22   with regards to internet access and phone bills. Additionally, PLAINTIFF also complained on or

23   about September 22, 2022 regarding WGU's clear FERPA violation regarding her own and several

24   employee's personal information being shared on the public SharePoint website.

25       43.    PLAINTIFF had reasonable cause to believe that the information she disclosed was

26   evidence of a violation of law by WGU.

27       44.    PLAINTIFF alleges that WGU retaliated against her and ultimately terminated her

28   employment on September 26, 2022, due to PLAINTIFF's disclosure of WGU's breaches of

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

confidentiality and their failures to timely and properly compensate her for all business expenses.

45.     Because of her complaints, PLAINTIFF, an employee of WGU and a whistleblower, it was unlawful for DEFENDANT to retaliate against her.

46.     PLAINTIFF is informed and believes, and on that basis alleges that PLAINTIFF's making the complaints and reports to WGU regarding their failures to compensate her for all business expenses pursuant to the Labor Code and for their clear breach of employee confidentiality by disclosing personal and private information on the public SharePoint website were contributing factors in WGU's decision to retaliate against PLAINTIFF by terminating her employment.

47.     The above adverse action resulting from WGU's conduct, alleged above, was a substantial factor in causing PLAINTIFF harm.

48.     As a direct result of the unlawful acts of WGU, as alleged above, including PLAINTIFF's wrongful termination, PLAINTIFF has suffered lost wages, lost benefits, and emotional distress in an amount to be proven at trial.

49.     WGU's conduct, as alleged above, constitutes oppression, fraud, and malice within the meaning of Civil Code §3294 in that conduct was intended by WGU to cause PLAINTIFF injury and was committed by WGU with a willful and conscious disregard of PLAINTIFF's rights, entitling PLAINTIFF to an award of exemplary or punitive damages.

50.     PLAINTIFF is entitled to and seeks any and all available remedies including but not limited to civil penalties under Labor Code §1102.5m economic damages (including back pay and front pay and all benefits), general damages (including pain and suffering), punitive damages, and pursuant to California Code of Civil Procedure §1021.5, Business and Professions Code §17200 et. set., the substantial benefit doctrine, and the common found doctrine.

## FOURTH CAUSE OF ACTION

### Failure to Prevent Discrimination, Harassment, and Retaliation in Violation of FEHA

### (As to All Defendants)

51.     PLAINTIFF incorporates by reference, repeats, and realleges, each and every allegation contained above as though fully set forth herein.

52.     PLAINTIFF was an employee of WGU at all times relevant herein, PLAINTIFF was

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

subjected to unlawful conduct, harassment, discrimination and retaliation as alleged in this Complaint. WGU failed to take reasonable steps to prevent the harassment, discrimination, and retaliation.

53.    WGU's failure to take all reasonable steps to prevent the harassment, discrimination and retaliation was a substantial factor in causing PLAINTIFF's harm.

54.    As a result of DEFENDANTS' unlawful conduct, PLAINTIFF suffered and continues to suffer economic loss or disadvantage both as earnings and benefits, and emotional distress, including depression, decline in health, anxiety, embarrassment, humiliation, loss of self-esteem, and mental anguish. PLAINTIFF is entitled to and will seek exemplary, general, and compensatory damages and attorney's fees and costs as to WGU in amounts to be proven at trial in addition to interest thereon and any and all other remedies and damages available under the applicable laws.

### FIFTH CAUSE OF ACTION

### Wrongful Termination in Violation of Public Policy

### (As to All Defendants)

55.    PLAINTIFF incorporates by reference, repeats, and realleges, each and every preceding and subsequent paragraph as though fully set forth herein .

56.    PLAINTIFF was an employee of WGU at all relevant times mentioned herein.

57.    WGU wrongfully terminated PLAINTIFF on or about September 26, 2022.

58.    PLAINTIFF's complaints regarding WGU's failures to compensate her for her business expenses pursuant to California Labor Codes in addition to their FERPA violation by breaching employee confidentiality by releasing personal and private information through their public SharePoint website were motivating reasons for PLAINTIFF's discharge.

59.    PLAINTIFF was harmed as a result of WGU's unlawful conduct and wrongful discharge.

60.    Jurisdiction is invoked in this court pursuant to the public policy and common law of the State of California, pursuant to the case of *Tameny v. Atalantic Richfield Company* (1980) 27 Cal.3d 167 and *Gould v. Maryland Sound Industries, Inc.* (1995) 31 Cal. App. 4th 1337.

Fundamental California public policy requires that employees be paid in accordance with the California Labor Code. Prompt payment of wages due an employee as required by Labor Code 201, 202, and 216(a), is a fundamental public policy of this state, serving the interest of the public at large, not merely the interest of the employee to whom the wages are due.   Further, "there is a 'fundamental public interest in a workplace free from illegal practices … .' '[T]he public interest is in a lawful, not criminal, business operation. Attainment of this objective requires that an employee be free to call his or her employer's attention to illegal practices, so that the employer may prevent crimes from being committed by misuse of its products by its employees.'" *Yau v. Allen* (2014) 229 Cal.App.4th 144, 157.

61.     Additionally, under California law, there is a fundamental and well-established public policy against retaliating for protesting and attempting to remedy and prevent illegal actions and Labor Code violations. Said public policy is embodied in the Constitution of the State of California, Statutory law of the State of California, as well as case law. These statutes are intended to protect persons like PLAINTIFF. It is further the public policy of the State of California that employers shall not discharge any person because the person has opposed any of the employer's practices in violation of the Labor Code. This public policy is fundamental, substantial, and well-grounded in the Constitution of California and California statute and regulations.

62.     Accordingly, PLAINTIFF's actions of complaining regarding WGU's failures to compensate her for her business expenses pursuant to California Labor Codes in addition to their FERPA violation by breaching employee confidentiality by releasing personal and private information through their public SharePoint website were motivating reasons for PLAINTIFF's discharge. Such activities were in violation of the public policy of the State of California and has resulted in damages and injury to PLAINTIFF as alleged herein.

63.     In doing so, said managing agents and/or officers of WGU, acted with oppression, fraud, and malice as those terms are used in California Civil Code 3294. As such, PLAINTIFF is entitled to an award of punitive damages.

64.     As a result of the aforesaid acts, PLAINTIFF has lost, and will continue to lose, substantial earnings, promotional opportunities, and fringe benefits. Furthermore, PLAINTIFF has

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ◆ FAX 909 677 2290

suffered and will continue to suffer other actual, consequential and incidental financial losses, in an amount to be proven at trial in excess of the jurisdictional minimum of this court.

65.     As a result of the foregoing, PLAINTIFF has become mentally upset, distressed, embarrassed, humiliated, and aggravated in a sum in excess of the jurisdictional minimum of this Court. PLAINTIFF has incurred and continues to incur legal expenses and attorney's fees. PLAINTIFF will seek the recovery of her attorney's fees and costs at the conclusion of this lawsuit. PLAINTIFF is accordingly entitled to exemplary, general, and compensatory damages and attorney's fees in amounts to be proven at trial, in addition to interest thereon and any and all other remedies and damages available under applicable laws.

66.     Furthermore, WGU's decision to wrongfully terminate PLAINTIIFF was a substantial motivating factor in causing PLAINTIFF's harm.

## SIXTH CAUSE OF ACTION

### Failure to Indemnify Necessary Expenditures in Violation of Labor Code § 2802

### (As to All Defendants)

67.     PLAINTIFF incorporates by reference, repeats, and realleges, each and every preceding and subsequent paragraph as though fully set forth herein .

68.     *California Labor Code* § 2808 provides that, "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his obedience to the directions of the employer."

69.     As a fully remote worker for WGU, PLAINTIFF was forced to use her personal cell phone and internet services throughout her employment. Notably, pursuant to the Labor Code, WGU is obligated to reimburse PLAINTIFF for all necessary expenditures PLAINTIFF has accrued.

70.     During PLAINTIFF's employment with WGU, WGU failed to reimburse PLAINTIFF for her internet access and phone bills used to perform work for WGU.

71.     Despite PLAINTIFF's request to be paid the wages she was rightfully entitled to, WGU continue to ignore and neglect paying said expenses.

72.     As a direct result of their actions, PLAINTIFF has suffered and continues to suffer

1    monetary damage, emotional distress and increasing attorney's fees.

2        73.    Consequently, PLAINTIFF seeks to recover the full amount of the expenses incurred

3    in the performance of her job duties, interests, reasonable attorneys' fees and costs, and penalties as

4    permitted under the law.

5                         **SEVENTH CAUSE OF ACTION**

6              **Waiting Time Penalties in Violation of Labor Code §§ 201 and 203**

7                              **(As to All Defendants)**

8        74.    PLAINTIFF incorporates by reference, repeats, and realleges, each and every

9    preceding and subsequent paragraph as though fully set forth herein .

10       75.    *Labor Code* § 201 requires employers to immediately pay all earned and unpaid

11   wages to discharged employees at the time of discharge.

12       76.    PLAINTIFF is no longer employed with WGU as she was wrongfully terminated.

13   WGU failed to pay PLAINTIFF all of her earned wages immediately at the time they discharged

14   her from employment including PLAINTIFF's rightfully owed reimbursement.

15       77.    WGU's failure to pay wages, as alleged above, was willful in that WGU knew wages

16   were due but failed to pay them, thus entitling PLAINTIFF to penalties under Labor Code § 230,

17   which provides that an employee's wages shall continue as a penalty until paid for a period of up to

18   thirty (30) days from the time they were due.

19       78.    WGU has failed to pay PLAINTIFF a sum certain at the time of termination and has

20   failed to pay those sums and benefits. Pursuant to Labor Code § 230. PLAINTIFF is entitled to

21   penalties in the amount of her daily wages multiplied by, up to thirty (30) days.

22                              **PRAYER FOR RELIEF**

23       **WHEREFORE,** PLAINTIFF prays for judgment against DEFENDANT, and each of them,

24   as follows:

25   1.   For economic damages in excess of $5,000,000 according to proof;

26   2.   For compensatory damages and non-economic damages in excess of $10,000,000 according

27        to proof;

28   3.   For liquidated damages allowed as a matter of law;

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ◆ FAX 909 677 2290

4. For civil penalties allowed as a matter of law;

5. For special damages according to proof;

6. For punitive damages where allowed by law;

7. For pre-judgment and post-judgment interest pursuant to California Civil Code § 3287 and/or California Civil Code § 3288 and/or any other provision of law providing for prejudgment and post-judgment interest;

8. For attorneys' fees where allowed by law;

9. For costs of suit incurred herein; and

10. For such other and further relief as this Court deems just and proper.

DATED: August 31, 2023                    **VALIANT LAW**

By: _____
KAMRAN SHAHABI
PAUL NOLAN
Attorneys for PLAINTIFF LINDSEY
MACK

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

-14-
COMPLAINT

# EXHIBIT A

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                     GAVIN NEWSOM, GOVERNOR

                                                                                         KEVIN KISH, DIRECTOR

## Civil Rights Department

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

August 30, 2023

Raymond Babaian
800 Ferrari Ln., Suite 100
Ontario, CA 91764

RE:     **Notice to Complainant's Attorney**
        CRD Matter Number: 202308-21809530
        Right to Sue: Mack / Western Governors' University

Dear Raymond Babaian:

Attached is a copy of your complaint of discrimination filed with the Civil Rights
Department (CRD) pursuant to the California Fair Employment and Housing Act,
Government Code section 12900 et seq. Also attached is a copy of your Notice of Case
Closure and Right to Sue.

**Pursuant to Government Code section 12962, CRD will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the CRD does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,

Civil Rights Department



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency      GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

**Civil Rights Department**

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

August 30, 2023

RE: **Notice of Filing of Discrimination Complaint**
      CRD Matter Number: 202308-21809530
      Right to Sue: Mack / Western Governors' University

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Civil
Rights Department (CRD) in accordance with Government Code section 12960. This
constitutes service of the complaint pursuant to Government Code section 12962. The
complainant has requested an authorization to file a lawsuit. A copy of the Notice of
Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their
contact information.

No response to CRD is requested or required.

Sincerely,

Civil Rights Department

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

**Civil Rights Department**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

August 30, 2023

Lindsey Mack

,

RE:   **Notice of Case Closure and Right to Sue**
      CRD Matter Number: 202308-21809530
      Right to Sue: Mack / Western Governors' University

Dear Lindsey Mack:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective August 30, 2023 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Civil Rights Department

1

2

3

4

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**Civil Rights Department**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

5

**In the Matter of the Complaint of**

Lindsey Mack                                                            CRD No. 202308-21809530

6

                                        Complainant,

7

vs.

8

Western Governors' University
4001 South 700 East Suite 700
Salt Lake City, UT 84107

9

10

                                        Respondents

11

_____

12

13

**1.** Respondent **Western Governors' University** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

14

15

**2**. Complainant **Lindsey Mack**, resides in the City of **,** State of **.**

16

17

**3.** Complainant alleges that on or about **September 26, 2022**, respondent took the following adverse actions:

18

19

20

**Complainant was discriminated against** because of complainant's sex/gender, pregnancy, childbirth, breast feeding, and/or related medical conditions, pregnancy disability leave (pdl) and as a result of the discrimination was terminated, denied hire or promotion, denied any employment benefit or privilege, denied work opportunities or assignments.

21

22

23

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a pregnancy-disability-related accommodation and as a result was terminated, denied hire or promotion, denied any employment benefit or privilege, denied work opportunities or assignments.

24

25

**Additional Complaint Details:** WGU is a private online university which offers web-based learning to students throughout the United States and, specially, California. COMPLAINANT began her employment with WGU in or around November 2017 as an evaluator.

26

-1-

*Complaint – CRD No. 202308-21809530*

27

Date Filed: August 30, 2023

28

CRD-ENF 80 RS (Revised 12/22)

Throughout her entire employment with WGU, COMPLAINANT's employment position was fully remote with COMPLAINANT performing all employment tasks from California.  As such, COMPLAINANT was, at all times, eligible to receive reimbursement for necessary expenses including, but not limited to, internet access and phone bills pursuant to the Labor Code.

In or around August 2021, COMPLAINANT began advising WGU's Human Resources department that WGU failed to properly compensate COMPLAINANT for such expenses. Unfortunately, COMPLAINANT's complaints continually fell on deaf ears. It wasn't until approximately one year later – in or around August 2022, while COMPLAINANT was out on maternity leave, that WGU finally investigated COMPLAINANT's complaints and requests for reimbursement of her expenses. Unfortunately, and in conscious disregard for her rights, WGO has failed to fully reimburse COMPLAINANT for all necessary expenses she has incurred to date.

Throughout her history of employment with WGU, COMPLAINANT was also the victim of a hostile and harassing work environment in which she was improperly singled out for disciplinary action without any basis whatsoever in a concerted effort by WGU to terminate anyone it considered to be problematic.  These unfounded efforts to discipline COMPLAINANT were simply acts of retaliation carried out with the intent to constructively terminate COMPLAINANT.

Further, COMPLAINANT experienced discrimination and retaliation as a direct result of her notice of pregnancy and subsequent maternity leave. Notably, in or around March 2022, approximately one month prior to COMPLAINANT's scheduled maternity leave in April 2022, WGU announced that they would be restructuring and creating new management positions. COMPLAINANT, meeting all the posted position requirements and seeking to continue her career growth with WGU, submitted her application for one of the new management positions. Unfortunately, Kirk Welter (hereinafter, "WELTER"), the Vice President over WGU's restructuring and the hiring manager, was informed of COMPLAINANT's pregnancy status and maternity leave during the application process. As a direct result, COMPLAINANT was discriminated against by being overlooked for the position. Worse still, COMPLAINANT later discovered that the position was presented to an applicant who was much less qualified than her and who failed to meet the posted position requirements – demonstrating WGU's animus against COMPLAINANT based upon her pending pregnancy and maternity leave and continued retaliation.

Adding insult to injury, while out on maternity leave, COMPLAINANT was once again overlooked for promotional opportunities due to her pregnancy and maternity leave status. In or around April 2022, another position became available, this position was for Senior Evaluator. Notably, this position is given based on tenure. COMPLAINANT, having worked for WGU for approximately five years, met the tenure requirement and would have been a top candidate for this position. Unfortunately, WGU once again displayed their discriminatory animus by failing to include COMPLAINANT's information in the application process. When she confronted WGU about this, she was informed that her name was not included on account of her pregnancy and related leave.

Thereafter, on or about September 22, 2022, COMPLAINANT returned from maternity leave. Shelly Sinclair (hereinafter "SINCLAIR"), COMPLAINANT's new supervisor, directed her to access the WGU internet site, SharePoint, which houses documents such as recordings of team meetings, training documents, and team resources in order to familiarize herself after coming back from leave. To COMPLAINANT's utter shock and surprise, she

*Complaint – CRD No. 202308-21809530*

Date Filed: August 30, 2023

1   observed that personal and private information related to herself and her colleagues was
2   available for anyone to access on the SharePoint site. Specifically, pay rates of new hires,
    addresses and phone numbers of all team members, performance data, individualized
3   performance plans and corrective action documents.
    COMPLAINANT recognized this open access and availability of private information as a
4   violation of privacy and immediately advised WGU's legal team of the situation as she did
    not trust her supervisor to handle this issue properly. During this process, COMPLAINANT
5   stressed that WGU employees conduct an annual Family Educational Rights and Privacy
6   Act ("FERPA") training in order to prevent breaches such as the one COMPLAINANT
    discovered through the SharePoint site. COMPLAINANT further requested that WGU
7   immediately inform all members of this site that their personal information was being shared
    without their knowledge or consent.
8   Shockingly, four days later, on or about September 26, 2022, COMPLAINANT received an
    email from WGU's Human Resources advising her that "effective tomorrow you will no
9   longer be employed at the university." COMPLAINANT reached out and requested a reason
    for her termination, however she never received a response. Moreover, COMPLAINANT is
10  informed and believes WGU wrongfully terminated her employment in retaliation for her
    acknowledging and complaining of WGU's breach of her and her colleagues privacy rights.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
-3-
*Complaint – CRD No. 202308-21809530*
27
Date Filed: August 30, 2023
28

1  VERIFICATION

2  I, **Raymond Babaian**, am the **Attorney** in the above-entitled complaint.  I have read
3  the foregoing complaint and know the contents thereof.  The matters alleged are
   based on information and belief, which I believe to be true.

4
5  On August 30, 2023, I declare under penalty of perjury under the laws of the State of
   California that the foregoing is true and correct.

6                                                                                    **Ontario, CA**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                                      -4-
                                          *Complaint – CRD No. 202308-21809530*
27
   Date Filed: August 30, 2023
28
                                                              CRD-ENF 80 RS (Revised 12/22)