SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

WESTERN GOVERNORS' UNIVERSITY, a Nonprofit Corporation, and DOES 1 through 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

LINDSEY MACK, an individual

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**08/31/2023** at 03:27:07 PM
Clerk of the Superior Court
By Sophia Felix,Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡**AVISO!** Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* SAN DIEGO
330 West Broadway
San Diego, CA 92101

CASE NUMBER:
*(Número del Caso):* 37-2023-00037783-CU-OE-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kamran Shahabi, VALIANT LAW, 800 Ferrari Lane, Suite 100, Ontario, CA 91764 (909) 677-2270

DATE: 09/01/2023 Clerk, by Sophia Felix S. Felix , Deputy
*(Fecha)* *(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]
Superior Court of California, County of San Diego

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:
   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Kamran Shahabi, (SBN 276194) Paul Nolan (SBN 192267)
Valiant Law
800 Ferrari Lane, Suite 100, Ontario, CA 91764
Ontario, CA 91764
TELEPHONE NO.: 909.677.2270 FAX NO.: 909.677.2290
ATTORNEY FOR (Name): Plaintiff, LINDSEY MACK

FOR COURT USE ONLY

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
08/31/2023 at 03:27:07 PM
Clerk of the Superior Court
By Sophia Felix, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: 330 West Broadway
CITY AND ZIP CODE: San Diego, 92101
BRANCH NAME:

CASE NAME:
Mack v. Western Governors University

**CIVIL CASE COVER SHEET**

- [x] **Unlimited** (Amount demanded exceeds $25,000)
- [ ] **Limited** (Amount demanded is $25,000 or less)

**Complex Case Designation**

- [ ] Counter
- [ ] Joinder

Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: 37-2023-00037783-CU-OE-CTL
JUDGE: Judge Timothy Taylor
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [x] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   - a. [ ] Large number of separately represented parties
   - b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   - c. [ ] Substantial amount of documentary evidence
   - d. [ ] Large number of witnesses
   - e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   - f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify)*: 7
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 31, 2023
Kamran Shahabi, Esq.
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**

- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**

- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**

- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**

- Wrongful Termination (36)
- Other Employment (15)

**Contract**

- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**

- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**

- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**

- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**

- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**

- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**

- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**

- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
STREET ADDRESS: 330 W Broadway
MAILING ADDRESS: 330 W Broadway
CITY AND ZIP CODE: San Diego, CA 92101-3827
DIVISION: Central
TELEPHONE NUMBER: (619) 450-7072

PLAINTIFF(S) / PETITIONER(S): Lindsey Mack

DEFENDANT(S) / RESPONDENT(S): Western Governors' University [IMAGED]

MACK VS WESTERN GOVERNORS' UNIVERSITY [IMAGED]

**NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL)**

CASE NUMBER: 37-2023-00037783-CU-OE-CTL

**CASE ASSIGNED FOR ALL PURPOSES TO:**

Judge: Timothy Taylor

Department: C-72

**COMPLAINT/PETITION FILED:** 08/31/2023

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 02/23/2024 | 09:15 am | C-72 | Timothy Taylor |

**Case Management Conferences (CMCs) may be conducted virtually or in person.** Anyone wishing to appear remotely should visit the "Appearing for Hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):

- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

# NOTICE OF E-FILING REQUIREMENTS AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases. Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing. E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court. All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program." This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain. The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150. Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.



## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2023-00037783-CU-OE-CTL CASE TITLE: Mack vs Western Governors' University [IMAGED]

**NOTICE: All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**
**(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
**(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), *and***
**(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

**Potential Advantages and Disadvantages of ADR**
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

**Potential Advantages**
- Saves time
- Saves money
- Gives parties more control over the dispute resolution process and outcome
- Preserves or improves relationships

**Potential Disadvantages**
- May take more time and money if ADR does not resolve the dispute
- Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable

**Most Common Types of ADR**
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

**Local ADR Programs for Civil Cases**

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):

- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

**Legal Representation and Advice**

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO<br>STREET ADDRESS: 330 West Broadway<br>MAILING ADDRESS: 330 West Broadway<br>CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827<br>BRANCH NAME: Central | *FOR COURT USE ONLY* |
|---|---|
| PLAINTIFF(S): Lindsey Mack | |
| DEFENDANT(S): Western Governors' University [IMAGED] | |
| SHORT TITLE: MACK VS WESTERN GOVERNORS' UNIVERSITY [IMAGED] | |
| **STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER:<br>37-2023-00037783-CU-OE-CTL |

Judge: Timothy Taylor

Department: C-72

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

- ☐ Mediation (court-connected)
- ☐ Mediation (private)
- ☐ Voluntary settlement conference (private)
- ☐ Neutral evaluation (private)
- ☐ Other (*specify e.g., private mini-trial, private judge, etc.*): ______________________________
- ☐ Non-binding private arbitration
- ☐ Binding private arbitration
- ☐ Non-binding judicial arbitration (discovery until 15 days before trial)
- ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: *(Name)* ______________________________

Alternate neutral (for court Civil Mediation Program and arbitration only): ______________________________

Date: ______________________________

Name of Plaintiff

Signature

Name of Plaintiff's Attorney

Signature

Date: ______________________________

Name of Defendant

Signature

Name of Defendant's Attorney

Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 09/01/2023

______________________________
JUDGE OF THE SUPERIOR COURT

Kamran Shahabi (State Bar No. 276194)
ks@valiantlaw.com
Paul Nolan (State Bar No. 192267)
pjn@valiantlaw.com
**VALIANT LAW**
800 Ferrari Lane, Suite 100
Ontario, California 91764
Phone: 909 677 2270 ♦ Fax: 909 677 2290

Attorneys for PLAINTIFF, LINDSEY MACK

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**08/31/2023** at 03:27:07 PM
Clerk of the Superior Court
By Sophia Felix,Deputy Clerk

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN DIEGO**

LINDSEY MACK, an individual

PLAINTIFF,

v.

WESTERN GOVERNORS' UNIVERSITY, a Nonprofit Corporation, and DOES 1 through 20, inclusive,

Defendants.

Case No 37-2023-00037783-CU-OE-CTL

**PLAINTIFF'S COMPLAINT FOR:**

1. Sex Discrimination in Violation of Government Code § 12940;
2. Retaliation in Violation of Government Code § 12940;
3. Whistleblower Retaliation in Violation of Labor Code § 1102.5;
4. Failure to Prevent Discrimination, Harassment, and Retaliation in Violation of FEHA
5. Wrongful Termination in Violation of Public Policy;
6. Failure to Indemnify Necessary Expenditures in Violation of Labor Code § 2802; and
7. Waiting Time Penalties Pursuant to Labor Code §§ 201 and 203.

**DEMAND FOR JURY TRIAL**

**COMES NOW** PLAINTIFF, LINDSEY MACK, an individual, and alleges as follows:

**JURISDICTION AND VENUE**

1. This is an unlimited civil case and the Court has jurisdiction over this action because

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ◆ FAX 909 677 2290

the amount of controversy exceeds $25,000, exclusive of interest and costs.

2. Jurisdiction and Venue are proper in this Court under California Labor Code § 925, as PLAINTIFF is a California resident, PLAINTIFF's claims arose in California as a California employee, and thus "the matter shall be adjudicated in California and California law shall govern."

**PARTIES**

3. PLAINTIFF LINDSEY MACK (hereinafter, "PLAINTIFF"), at all times relevant hereto, was and is a resident of the State of California.

4. PLAINTIFF is informed and believes, and thereon alleges, that Defendant WESTERN GOVERNORS' UNIVERSITY (hereinafter, "WGU"), is a Utah Nonprofit Corporation which does business throughout the United States and, more specifically, with PLAINTIFF's residence and place of business in the State of California.

5. PLAINTIFF is informed and believes, and thereon alleges, that DOES 1 through 20, inclusive (hereinafter referred to as "DOES"), are or were individuals and/or are or were doing business at all times herein mentioned and material hereto in the State of California, and are/were the alter ego, agent, managing agent, principal, owner, partner, joint venture, representative, manager, and/or co-conspirator of each of the other defendants, and were at all times mentioned herein acting within the course and scope of said agency and employment, and that all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and consent of each defendant designated herein.

6. The true names and capacities, whether individual, corporate or associate, or otherwise, designated herein as DOES, are unknown to PLAINTIFF at this time, who, therefore, sue said DOES by such fictitious names and will ask leave of Court to amend this Complaint to show their true names and capacities when ascertained.

7. PLAINTIFF is informed and believes and based thereon, alleges that at all times material hereto, WGU and DOES 1 through 20 (hereinafter collectively referred to as "DEFENDANTS") and each of them, were duly authorized agents, or servants, or representatives, or co-conspirators of the other, or the alter ego, or the principal, or the owner, or representatives, and were acting at all times within the course and scope of their agency or representative capacity

with the knowledge and consent of the other.

8. All of the acts and conduct herein and below described of each and every corporate Defendant was duly authorized, ordered by management-level employees of said corporate employers. In addition, thereto, said corporate employers participated in the aforementioned acts and conduct of their said employees, agents, and representatives, and each of them; and upon completion of the aforesaid acts and conducts of said corporate employees, agents and representatives, the Defendant corporations, respectively and collectively, ratified, accepted the benefits of, condoned, lauded, acquiesced, authorized and otherwise approved of each and all of the said acts and conduct of the aforementioned corporate employees, agents and representatives.

**EXHAUSTION OF ADMINISTRATIVE PROCEEDINGS**

9. PLAINTIFF exhausted her administrative remedies by timely filing a complaint for the issues required to be raised herein against WGU with the California Department of Fair Employment & Housing ("DFEH") and thereafter received a "Right to Sue" letter from the DFEH attached hereto as Exhibit "A."

**FACTUAL ALLEGATIONS**

10. WGU is a private online university which offers web-based learning to students throughout the United States and, specially, California. PLAINTIFF began her employment with WGU in or around November 2017 as an evaluator.

11. Throughout her entire employment with WGU, PLAINTIFF's employment position was fully remote with PLAINTIFF performing all employment tasks from California. As such, PLAINTIFF was, at all times, eligible to receive reimbursement for necessary expenses including, but not limited to, internet access and phone bills pursuant to the Labor Code.

12. In or around August 2021, PLAINTIFF began advising WGU's Human Resources department that WGU failed to properly compensate PLAINTIFF for such expenses. Unfortunately, PLAINTIFF's complaints continually fell on deaf ears. It wasn't until approximately one year later – in or around August 2022, while PLAINTIFF was out on maternity leave, that WGU finally investigated PLAINTIFF's complaints and requests for reimbursement of her expenses. Unfortunately, and in conscious disregard for her rights, WGO has failed to fully reimburse

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ◆ FAX 909 677 2290

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ◆ FAX 909 677 2290

PLAINTIFF for all necessary expenses she has incurred to date.

13. Throughout her history of employment with WGU, PLAINTIFF was also the victim of a hostile and harassing work environment in which she was improperly singled out for disciplinary action without any basis whatsoever in a concerted effort by WGU to terminate anyone it considered to be problematic. These unfounded efforts to discipline PLAINTIFF were simply acts of retaliation carried out with the intent to constructively terminate PLAINTIFF.

14. Further, PLAINTIFF experienced discrimination and retaliation as a direct result of her notice of pregnancy and subsequent maternity leave. Notably, in or around March 2022, approximately one month prior to PLAINTIFF's scheduled maternity leave in April 2022, WGU announced that they would be restructuring and creating new management positions. PLAINTIFF, meeting all the posted position requirements and seeking to continue her career growth with WGU, submitted her application for one of the new management positions. Unfortunately, Kirk Welter (hereinafter, "WELTER"), the Vice President over WGU's restructuring and the hiring manager, was informed of PLAINTIFF's pregnancy status and maternity leave during the application process. As a direct result, PLAINTIFF was discriminated against by being overlooked for the position. Worse still, PLAINTIFF later discovered that the position was presented to an applicant who was much less qualified than her and who failed to meet the posted position requirements – demonstrating WGU's animus against PLAINTIFF based upon her pending pregnancy and maternity leave and continued retaliation.

15. Adding insult to injury, while out on maternity leave, PLAINTIFF was once again overlooked for promotional opportunities due to her pregnancy and maternity leave status. In or around April 2022, another position became available, this position was for Senior Evaluator. Notably, this position is given based on tenure. PLAINTIFF, having worked for WGU for approximately five years, met the tenure requirement and would have been a top candidate for this position. Unfortunately, WGU once again displayed their discriminatory animus by failing to include PLAINTIFF's information in the application process. When she confronted WGU about this, she was informed that her name was not included on account of her pregnancy and related leave.

16. Thereafter, on or about September 22, 2022, PLAINTIFF returned from maternity leave. Shelly Sinclair (hereinafter "SINCLAIR"), PLAINTIFF's new supervisor, directed her to access the WGU internet site, SharePoint, which houses documents such as recordings of team meetings, training documents, and team resources in order to familiarize herself after coming back from leave. To PLAINTIFF's utter shock and surprise, she observed that personal and private information related to herself and her colleagues was available for anyone to access on the SharePoint site. Specifically, pay rates of new hires, addresses and phone numbers of all team members, performance data, individualized performance plans and corrective action documents.

17. PLAINTIFF recognized this open access and improper availability of private information as a violation of privacy and immediately advised WGU's legal team of the situation as she did not trust her supervisor to handle this issue properly. During this process, PLAINTIFF stressed that WGU employees conduct an annual Family Educational Rights and Privacy Act ("FERPA") training in order to prevent breaches such as the one PLAINTIFF discovered through the SharePoint site. PLAINTIFF further requested that WGU immediately inform all members of this site that their personal information was being shared without their knowledge or consent.

18. Shockingly, *four days later*, on or about September 26, 2022, PLAINTIFF received an email from WGU's Human Resources advising her that "effective tomorrow you will no longer be employed at the university." PLAINTIFF reached out and requested a reason for her termination, however she never received a response. Moreover, PLAINTIFF is informed and believes WGU wrongfully terminated her employment in retaliation for her discovery and complaints related to WGU's breach of her and her colleagues' privacy rights.

19. PLAINTIFF now commences this suit against DEFENDANTS, and each of them, and alleges the following:

**FIRST CAUSE OF ACTION**

**Sex Discrimination in Violation of California Government Code § 12940**

**(As to All DEFENDANTS)**

20. PLAINTIFF incorporates by reference, repeats, and realleges, each and every preceding and subsequent paragraph as though fully set forth herein.

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ◆ FAX 909 677 2290

21.     WGU was PLAINTIFF's employer at all relevant times mentioned herein. PLAINTIFF was WGU's employee at all relevant times mentioned herein.

22.     At all times herein mentioned, Government Code §§ 12940 et seq., was in full force and effect and was binding on WGU. This statute requires WGU to refrain from discrimination against any employee based on their sex. Further, WGU may not refuse to hire, select for a training program or promotion, and may not discharge, discriminate, or retaliate against PLAINTIFF because of her sex or for opposing any unlawful employment practice, filing a complaint, testifying or assisting in any proceeding under the FEHA (Gov. Code § 12940 et seq.)

23.     California Government code section 12926(r)(1) defines "sex" to include "pregnancy or medical conditions related to pregnancy" (Cal. Gov't Code § 12926(r)(1)(A).) California Government code section 12926(r)(1) defines "sex" to further include "childbirth or medical conditions related to childbirth." (Cal. Gov't Code § 12926(r)(1)(B).) Furthermore, California Government code sections 12926 and 12940 requires an employer to allow an employee disabled by pregnancy, childbirth or related medical conditions to take a leave of absence and to maintain her health insurance during the leave. Additionally, FEHA protects a women's right to hold employment and receive paid maternal leave for pregnancy. Therefore, it is illegal for an employer to terminate an employee for their pregnancy status.

24.     WGU knew, or reasonably should have known, that PLAINTIFF's pregnancy would limit her major life activities, or that PLAINTIFF might require certain reasonable accommodations related to her pregnancy, specifically maternity leave.

25.     WGU, however, engaged in a pattern and practice of sex discrimination beginning in or around March 2022 through PLAINTIFF's termination. WGU's managers and supervisors, trusted to employ fair and legal practices, denied PLAINTIFF her legal rights, and treated her differently because of her sex – specifically her pregnancy.

26.     PLAINTIFF was treated differently, discriminated, and retaliated against because of her sex – specifically her pregnancy. PLAINTIFF was subject to disparate treatment and discrimination by being denied and overlooked for two separate promotional opportunities on account of her pregnancy and subsequent maternity leave.

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ◆ FAX 909 677 2290

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ◆ FAX 909 677 2290

27. WGU's discrimination and retaliation include (without limitation) PLAINTIFF being denied two separate promotional opportunities and ultimately terminated.

28. By engaging in the above referenced acts and omission, WGU discriminated against PLAINTIFF because of her sex in violation of Government Code §§ 12940, et seq. and PLAINTIFF was significantly harmed. WGU's conduct was a substantial factor in causing PLAINTIFF's harm.

29. As such, and as a result of WGU's unlawful conduct, PLAINTIFF suffered and continues to suffer economic loss or disadvantage both as earnings and benefits, and emotional distress, including (without limitation), depression, decline in health, anxiety, embarrassment, humiliation, loss of self-esteem, and mental anguish.

30. PLAINTIFF will seek economic damages, non-economic damages, punitive damages, recovery of her reasonable attorney's fees and costs as the prevailing party and in amounts to be proven at trial in addition to interest thereon and any and all other remedies and damages available under the applicable laws.

**SECOND CAUSE OF ACTION**

**Retaliation in Violation of California Government Code § 12940**

**(As to All DEFENDANTS)**

31. PLAINTIFF incorporates by reference, repeats, and realleges, each and every preceding and subsequent paragraph as though fully set forth herein.

32. WGU was PLAINTIFF's employer at all relevant times mentioned herein. PLAINTIFF was WGU's employee at all relevant times mentioned herein.

33. California Government Code § 12940(h), et seq. makes it an unlawful employment practice for an employer to retaliate against an employee who participated in a protected activity.

34. PLAINTIFF engaged in a protected activity when she requested reasonable accommodations for her pregnancy, specifically maternity leave.

35. In response thereto, WGU retaliated against PLAINTIFF by overlooking her application for a management position in addition to failing to consider her for promotional opportunities simply because she was out on maternity leave.

36. By engaging in the above-referenced acts and omissions, WGU, and each of them,

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ◆ FAX 909 677 2290

retaliated against PLAINTIFF because she participated in protected activities in violation of Government Code § 12940 et seq.

37. WGU's retaliatory conduct was a substantial factor in causing PLAINTIFF's harm.

38. As a result of WGU's unlawful conduct, PLAINTIFF suffered and continues to suffer economic loss or disadvantage both as earnings and benefits, and distress, including but not limited to, depression, decline in health, anxiety, embarrassment, humiliation, loss of self-esteem, and mental anguish. PLAINTIFF is entitled to and will seek exemplary, general, and compensatory damages and attorney's fees and costs in amounts to be proven at trial in addition to interest thereon and any and all other remedies and damages available under the applicable laws.

**THIRD CAUSE OF ACTION**

**Whistleblower Retaliation in Violation of Labor Code § 1102.5**

**(As to All DEFENDANTS)**

39. PLAINTIFF incorporates by reference, repeats, and realleges, each and every preceding and subsequent paragraph as though fully set forth herein .

40. WGU was PLAINTIFF's employer at all relevant times mentioned herein. PLAINTIFF was WGU's employee at all relevant times mentioned herein.

41. At all times herein mentioned, Labor Code § 1102 was in full force and effect to promote a "broad public policy interest in encouraging workplace whistleblowers to report unlawful acts without fearing retaliation." (See *Green v. Ralee Engineering Co*. (1998) 19 Cal.4th 66, 77.)

42. In or around August 2021, PLAINTIFF complained to WGU regarding their failures to properly compensate her for all business expenses related to her remote position – specifically with regards to internet access and phone bills. Additionally, PLAINTIFF also complained on or about September 22, 2022 regarding WGU's clear FERPA violation regarding her own and several employee's personal information being shared on the public SharePoint website.

43. PLAINTIFF had reasonable cause to believe that the information she disclosed was evidence of a violation of law by WGU.

44. PLAINTIFF alleges that WGU retaliated against her and ultimately terminated her employment on September 26, 2022, due to PLAINTIFF's disclosure of WGU's breaches of

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ◆ FAX 909 677 2290

confidentiality and their failures to timely and properly compensate her for all business expenses.

45. Because of her complaints, PLAINTIFF, an employee of WGU and a whistleblower, it was unlawful for DEFENDANT to retaliate against her.

46. PLAINTIFF is informed and believes, and on that basis alleges that PLAINTIFF's making the complaints and reports to WGU regarding their failures to compensate her for all business expenses pursuant to the Labor Code and for their clear breach of employee confidentiality by disclosing personal and private information on the public SharePoint website were contributing factors in WGU's decision to retaliate against PLAINTIFF by terminating her employment.

47. The above adverse action resulting from WGU's conduct, alleged above, was a substantial factor in causing PLAINTIFF harm.

48. As a direct result of the unlawful acts of WGU, as alleged above, including PLAINTIFF's wrongful termination, PLAINTIFF has suffered lost wages, lost benefits, and emotional distress in an amount to be proven at trial.

49. WGU's conduct, as alleged above, constitutes oppression, fraud, and malice within the meaning of Civil Code §3294 in that conduct was intended by WGU to cause PLAINTIFF injury and was committed by WGU with a willful and conscious disregard of PLAINTIFF's rights, entitling PLAINTIFF to an award of exemplary or punitive damages.

50. PLAINTIFF is entitled to and seeks any and all available remedies including but not limited to civil penalties under Labor Code §1102.5m economic damages (including back pay and front pay and all benefits), general damages (including pain and suffering), punitive damages, and pursuant to California Code of Civil Procedure §1021.5, Business and Professions Code §17200 et. set., the substantial benefit doctrine, and the common found doctrine.

**FOURTH CAUSE OF ACTION**

**Failure to Prevent Discrimination, Harassment, and Retaliation in Violation of FEHA**

**(As to All Defendants)**

51. PLAINTIFF incorporates by reference, repeats, and realleges, each and every allegation contained above as though fully set forth herein.

52. PLAINTIFF was an employee of WGU at all times relevant herein, PLAINTIFF was

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ◆ FAX 909 677 2290

subjected to unlawful conduct, harassment, discrimination and retaliation as alleged in this Complaint. WGU failed to take reasonable steps to prevent the harassment, discrimination, and retaliation.

53. WGU's failure to take all reasonable steps to prevent the harassment, discrimination and retaliation was a substantial factor in causing PLAINTIFF's harm.

54. As a result of DEFENDANTS' unlawful conduct, PLAINTIFF suffered and continues to suffer economic loss or disadvantage both as earnings and benefits, and emotional distress, including depression, decline in health, anxiety, embarrassment, humiliation, loss of self-esteem, and mental anguish. PLAINTIFF is entitled to and will seek exemplary, general, and compensatory damages and attorney's fees and costs as to WGU in amounts to be proven at trial in addition to interest thereon and any and all other remedies and damages available under the applicable laws.

**FIFTH CAUSE OF ACTION**

**Wrongful Termination in Violation of Public Policy**

**(As to All Defendants)**

55. PLAINTIFF incorporates by reference, repeats, and realleges, each and every preceding and subsequent paragraph as though fully set forth herein .

56. PLAINTIFF was an employee of WGU at all relevant times mentioned herein.

57. WGU wrongfully terminated PLAINTIFF on or about September 26, 2022.

58. PLAINTIFF's complaints regarding WGU's failures to compensate her for her business expenses pursuant to California Labor Codes in addition to their FERPA violation by breaching employee confidentiality by releasing personal and private information through their public SharePoint website were motivating reasons for PLAINTIFF's discharge.

59. PLAINTIFF was harmed as a result of WGU's unlawful conduct and wrongful discharge.

60. Jurisdiction is invoked in this court pursuant to the public policy and common law of the State of California, pursuant to the case of *Tameny v. Atalantic Richfield Company* (1980) 27 Cal.3d 167 and *Gould v. Maryland Sound Industries, Inc.* (1995) 31 Cal. App. 4th 1337.

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ◆ FAX 909 677 2290

Fundamental California public policy requires that employees be paid in accordance with the California Labor Code. Prompt payment of wages due an employee as required by Labor Code 201, 202, and 216(a), is a fundamental public policy of this state, serving the interest of the public at large, not merely the interest of the employee to whom the wages are due. Further, "there is a 'fundamental public interest in a workplace free from illegal practices … .' '[T]he public interest is in a lawful, not criminal, business operation. Attainment of this objective requires that an employee be free to call his or her employer's attention to illegal practices, so that the employer may prevent crimes from being committed by misuse of its products by its employees.'" *Yau v. Allen* (2014) 229 Cal.App.4th 144, 157.

61. Additionally, under California law, there is a fundamental and well-established public policy against retaliating for protesting and attempting to remedy and prevent illegal actions and Labor Code violations. Said public policy is embodied in the Constitution of the State of California, Statutory law of the State of California, as well as case law. These statutes are intended to protect persons like PLAINTIFF. It is further the public policy of the State of California that employers shall not discharge any person because the person has opposed any of the employer's practices in violation of the Labor Code. This public policy is fundamental, substantial, and well-grounded in the Constitution of California and California statute and regulations.

62. Accordingly, PLAINTIFF's actions of complaining regarding WGU's failures to compensate her for her business expenses pursuant to California Labor Codes in addition to their FERPA violation by breaching employee confidentiality by releasing personal and private information through their public SharePoint website were motivating reasons for PLAINTIFF's discharge. Such activities were in violation of the public policy of the State of California and has resulted in damages and injury to PLAINTIFF as alleged herein.

63. In doing so, said managing agents and/or officers of WGU, acted with oppression, fraud, and malice as those terms are used in California Civil Code 3294. As such, PLAINTIFF is entitled to an award of punitive damages.

64. As a result of the aforesaid acts, PLAINTIFF has lost, and will continue to lose, substantial earnings, promotional opportunities, and fringe benefits. Furthermore, PLAINTIFF has

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ◆ FAX 909 677 2290

suffered and will continue to suffer other actual, consequential and incidental financial losses, in an amount to be proven at trial in excess of the jurisdictional minimum of this court.

65. As a result of the foregoing, PLAINTIFF has become mentally upset, distressed, embarrassed, humiliated, and aggravated in a sum in excess of the jurisdictional minimum of this Court. PLAINTIFF has incurred and continues to incur legal expenses and attorney's fees. PLAINTIFF will seek the recovery of her attorney's fees and costs at the conclusion of this lawsuit. PLAINTIFF is accordingly entitled to exemplary, general, and compensatory damages and attorney's fees in amounts to be proven at trial, in addition to interest thereon and any and all other remedies and damages available under applicable laws.

66. Furthermore, WGU's decision to wrongfully terminate PLAINTIIFF was a substantial motivating factor in causing PLAINTIFF's harm.

**SIXTH CAUSE OF ACTION**

**Failure to Indemnify Necessary Expenditures in Violation of Labor Code § 2802**

**(As to All Defendants)**

67. PLAINTIFF incorporates by reference, repeats, and realleges, each and every preceding and subsequent paragraph as though fully set forth herein .

68. *California Labor Code* § 2808 provides that, "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his obedience to the directions of the employer."

69. As a fully remote worker for WGU, PLAINTIFF was forced to use her personal cell phone and internet services throughout her employment. Notably, pursuant to the Labor Code, WGU is obligated to reimburse PLAINTIFF for all necessary expenditures PLAINTIFF has accrued.

70. During PLAINTIFF's employment with WGU, WGU failed to reimburse PLAINTIFF for her internet access and phone bills used to perform work for WGU.

71. Despite PLAINTIFF's request to be paid the wages she was rightfully entitled to, WGU continue to ignore and neglect paying said expenses.

72. As a direct result of their actions, PLAINTIFF has suffered and continues to suffer

monetary damage, emotional distress and increasing attorney's fees.

73. Consequently, PLAINTIFF seeks to recover the full amount of the expenses incurred in the performance of her job duties, interests, reasonable attorneys' fees and costs, and penalties as permitted under the law.

**SEVENTH CAUSE OF ACTION**

**Waiting Time Penalties in Violation of Labor Code §§ 201 and 203**

**(As to All Defendants)**

74. PLAINTIFF incorporates by reference, repeats, and realleges, each and every preceding and subsequent paragraph as though fully set forth herein .

75. *Labor Code* § 201 requires employers to immediately pay all earned and unpaid wages to discharged employees at the time of discharge.

76. PLAINTIFF is no longer employed with WGU as she was wrongfully terminated. WGU failed to pay PLAINTIFF all of her earned wages immediately at the time they discharged her from employment including PLAINTIFF's rightfully owed reimbursement.

77. WGU's failure to pay wages, as alleged above, was willful in that WGU knew wages were due but failed to pay them, thus entitling PLAINTIFF to penalties under Labor Code § 230, which provides that an employee's wages shall continue as a penalty until paid for a period of up to thirty (30) days from the time they were due.

78. WGU has failed to pay PLAINTIFF a sum certain at the time of termination and has failed to pay those sums and benefits. Pursuant to Labor Code § 230. PLAINTIFF is entitled to penalties in the amount of her daily wages multiplied by, up to thirty (30) days.

**PRAYER FOR RELIEF**

**WHEREFORE,** PLAINTIFF prays for judgment against DEFENDANT, and each of them, as follows:

1. For economic damages in excess of $5,000,000 according to proof;
2. For compensatory damages and non-economic damages in excess of $10,000,000 according to proof;
3. For liquidated damages allowed as a matter of law;

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ◆ FAX 909 677 2290

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ◆ FAX 909 677 2290

4. For civil penalties allowed as a matter of law;
5. For special damages according to proof;
6. For punitive damages where allowed by law;
7. For pre-judgment and post-judgment interest pursuant to California Civil Code § 3287 and/or California Civil Code § 3288 and/or any other provision of law providing for prejudgment and post-judgment interest;
8. For attorneys' fees where allowed by law;
9. For costs of suit incurred herein; and
10. For such other and further relief as this Court deems just and proper.

DATED: August 31, 2023

**VALIANT LAW**

By: ______________________

KAMRAN SHAHABI
PAUL NOLAN
Attorneys for PLAINTIFF LINDSEY MACK

# EXHIBIT A



STATE OF CALIFORNIA  |  Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

Civil Rights Department
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

August 30, 2023

Raymond Babaian
800 Ferrari Ln., Suite 100
Ontario, CA 91764

RE:    **Notice to Complainant's Attorney**
         CRD Matter Number: 202308-21809530
         Right to Sue: Mack / Western Governors' University

Dear Raymond Babaian:

Attached is a copy of your complaint of discrimination filed with the Civil Rights
Department (CRD) pursuant to the California Fair Employment and Housing Act,
Government Code section 12900 et seq. Also attached is a copy of your Notice of Case
Closure and Right to Sue.

**Pursuant to Government Code section 12962, CRD will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the CRD does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,

Civil Rights Department



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency
GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

Civil Rights Department
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

August 30, 2023

RE: **Notice of Filing of Discrimination Complaint**
CRD Matter Number: 202308-21809530
Right to Sue: Mack / Western Governors' University

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Civil Rights Department (CRD) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to CRD is requested or required.

Sincerely,

Civil Rights Department



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency
GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

Civil Rights Department
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

August 30, 2023

Lindsey Mack
,

RE: **Notice of Case Closure and Right to Sue**
CRD Matter Number: 202308-21809530
Right to Sue: Mack / Western Governors' University

Dear Lindsey Mack:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective August 30, 2023 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Civil Rights Department

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**Civil Rights Department**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**
Lindsey Mack

CRD No. 202308-21809530

Complainant,

vs.

Western Governors' University
4001 South 700 East Suite 700
Salt Lake City, UT 84107

Respondents

---

**1.** Respondent **Western Governors' University** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2**. Complainant **Lindsey Mack**, resides in the City of **,** State of **.**

**3**. Complainant alleges that on or about **September 26, 2022**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's sex/gender, pregnancy, childbirth, breast feeding, and/or related medical conditions, pregnancy disability leave (pdl) and as a result of the discrimination was terminated, denied hire or promotion, denied any employment benefit or privilege, denied work opportunities or assignments.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a pregnancy-disability-related accommodation and as a result was terminated, denied hire or promotion, denied any employment benefit or privilege, denied work opportunities or assignments.

**Additional Complaint Details:** WGU is a private online university which offers web-based learning to students throughout the United States and, specially, California. COMPLAINANT began her employment with WGU in or around November 2017 as an evaluator.

Throughout her entire employment with WGU, COMPLAINANT's employment position was fully remote with COMPLAINANT performing all employment tasks from California. As such, COMPLAINANT was, at all times, eligible to receive reimbursement for necessary expenses including, but not limited to, internet access and phone bills pursuant to the Labor Code. In or around August 2021, COMPLAINANT began advising WGU's Human Resources department that WGU failed to properly compensate COMPLAINANT for such expenses. Unfortunately, COMPLAINANT's complaints continually fell on deaf ears. It wasn't until approximately one year later – in or around August 2022, while COMPLAINANT was out on maternity leave, that WGU finally investigated COMPLAINANT's complaints and requests for reimbursement of her expenses. Unfortunately, and in conscious disregard for her rights, WGO has failed to fully reimburse COMPLAINANT for all necessary expenses she has incurred to date.

Throughout her history of employment with WGU, COMPLAINANT was also the victim of a hostile and harassing work environment in which she was improperly singled out for disciplinary action without any basis whatsoever in a concerted effort by WGU to terminate anyone it considered to be problematic. These unfounded efforts to discipline COMPLAINANT were simply acts of retaliation carried out with the intent to constructively terminate COMPLAINANT.

Further, COMPLAINANT experienced discrimination and retaliation as a direct result of her notice of pregnancy and subsequent maternity leave. Notably, in or around March 2022, approximately one month prior to COMPLAINANT's scheduled maternity leave in April 2022, WGU announced that they would be restructuring and creating new management positions. COMPLAINANT, meeting all the posted position requirements and seeking to continue her career growth with WGU, submitted her application for one of the new management positions. Unfortunately, Kirk Welter (hereinafter, "WELTER"), the Vice President over WGU's restructuring and the hiring manager, was informed of COMPLAINANT's pregnancy status and maternity leave during the application process. As a direct result, COMPLAINANT was discriminated against by being overlooked for the position. Worse still, COMPLAINANT later discovered that the position was presented to an applicant who was much less qualified than her and who failed to meet the posted position requirements – demonstrating WGU's animus against COMPLAINANT based upon her pending pregnancy and maternity leave and continued retaliation.

Adding insult to injury, while out on maternity leave, COMPLAINANT was once again overlooked for promotional opportunities due to her pregnancy and maternity leave status. In or around April 2022, another position became available, this position was for Senior Evaluator. Notably, this position is given based on tenure. COMPLAINANT, having worked for WGU for approximately five years, met the tenure requirement and would have been a top candidate for this position. Unfortunately, WGU once again displayed their discriminatory animus by failing to include COMPLAINANT's information in the application process. When she confronted WGU about this, she was informed that her name was not included on account of her pregnancy and related leave.

Thereafter, on or about September 22, 2022, COMPLAINANT returned from maternity leave. Shelly Sinclair (hereinafter "SINCLAIR"), COMPLAINANT's new supervisor, directed her to access the WGU internet site, SharePoint, which houses documents such as recordings of team meetings, training documents, and team resources in order to familiarize herself after coming back from leave. To COMPLAINANT's utter shock and surprise, she

observed that personal and private information related to herself and her colleagues was available for anyone to access on the SharePoint site. Specifically, pay rates of new hires, addresses and phone numbers of all team members, performance data, individualized performance plans and corrective action documents.

COMPLAINANT recognized this open access and availability of private information as a violation of privacy and immediately advised WGU's legal team of the situation as she did not trust her supervisor to handle this issue properly. During this process, COMPLAINANT stressed that WGU employees conduct an annual Family Educational Rights and Privacy Act ("FERPA") training in order to prevent breaches such as the one COMPLAINANT discovered through the SharePoint site. COMPLAINANT further requested that WGU immediately inform all members of this site that their personal information was being shared without their knowledge or consent.

Shockingly, four days later, on or about September 26, 2022, COMPLAINANT received an email from WGU's Human Resources advising her that "effective tomorrow you will no longer be employed at the university." COMPLAINANT reached out and requested a reason for her termination, however she never received a response. Moreover, COMPLAINANT is informed and believes WGU wrongfully terminated her employment in retaliation for her acknowledging and complaining of WGU's breach of her and her colleagues privacy rights.

VERIFICATION

I, **Raymond Babaian**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

On August 30, 2023, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Ontario, CA**

-4-
*Complaint – CRD No. 202308-21809530*

Date Filed: August 30, 2023

CRD-ENF 80 RS (Revised 12/22)