1  Alison L. Lynch (SBN 240346)
   Sarah Raoof (SBN 329260)
2  JACKSON LEWIS P.C.
   200 Spectrum Center Drive, Suite 500
3  Irvine, CA 92618
   Telephone:  (949) 885-1360
4  Facsimile:  (949) 885-1380
   Email:     alison.lynch@jacksonlewis.com
5              sarah.raoof@jacksonlewis.com

6  Attorneys for Defendant WESTERN GOVERNORS UNIVERSITY

7
8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                  **FOR THE COUNTY OF SAN DIEGO**

10

11 LINDSEY MACK, an individual,           )   **CASE NO. 37-2023-00037783-CU-OE-CTL**
                                          )
                    Plaintiff,            )   Assigned to Hon. Timothy Taylor, Dept. C-72
12                                        )
                                          )   **DEFENDANT WESTERN GOVERNORS**
13       v.                               )   **UNIVERSITY'S ANSWER TO PLAINTIFF'S**
                                          )   **COMPLAINT**
14 WESTERN GOVERNORS UNIVERSITY, a        )
   Nonprofit Corporation, and DOES 1 through 20, )
15 inclusive,                             )
                                          )
16                  Defendants.           )   Complaint filed:  August 31, 2023
                                          )
17 ─────────────────────────────────────  )

18

19       Defendant WESTERN GOVERNORS UNIVERSITY ("Defendant"), on behalf of itself and for

20 no other defendant, hereby responds to the Complaint ("Complaint") filed by Plaintiff LINDSEY MACK

21 ("Plaintiff") and admits, denies, and otherwise pleads as follows:

                            **GENERAL DENIAL**

22       Under the provisions of section 431.30(d) of the California Code of Civil Procedure, Defendant

23 generally and specifically denies each and every allegation contained in Plaintiff's Complaint, and each

24 cause of action set forth therein, and denies that Plaintiff and the allegedly aggrieved employees were

25 injured or damaged as alleged, or at all.

26 / / /

27 / / /

28

                                        1

## AFFIRMATIVE DEFENSES

Defendant alleges the following affirmative defenses against the claims of Plaintiff.  In so doing, Defendant does not concede that it has the burden of production or proof as to any affirmative defense asserted below.  Further, Defendant does not currently or sufficiently know all the facts, concerning the conduct of Plaintiff that would enable Defendant to state all affirmative defenses at this time.  Accordingly, Defendant will seek leave of this Court to amend this Answer should it later discover facts demonstrating the existence of additional affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

1.     Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (After Acquired Evidence)

2.     To the extent discovery may disclose information which could serve as a basis for the termination of Plaintiff's employment, Plaintiff is barred from recovery by the after-acquired evidence doctrine.

## THIRD AFFIRMATIVE DEFENSE

### (Statutes of Limitation)

3.     Any recovery on Plaintiff's Complaint is barred by the applicable statutes of limitation, including but not limited to, Code of Civil Procedure sections 335.1, 337, 338, 339, and 343, and California Government Code sections 12940, 12960, and 12965.

## FOURTH AFFIRMATIVE DEFENSE

### (Equitable Doctrines)

4.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred under the equitable doctrines of consent, waiver, estoppel, and unclean hands.

/ / /

/ / /

/ / /

### FIFTH AFFIRMATIVE DEFENSE

#### (Laches)

5.      Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in that Plaintiff was guilty of laches and unreasonable delay in bringing this action and in asserting any claim for relief against Defendant.

### SIXTH AFFIRMATIVE DEFENSE

#### (Failure to Mitigate)

6.      Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part from recovering any damages, or any recovery must be reduced, by virtue of Plaintiff's failure to exercise reasonable diligence to mitigate her alleged damages.

### SEVENTH AFFIRMATIVE DEFENSE

#### (Failure to Exhaust)

7.      To the extent that Plaintiff has made allegations in the Complaint or attempts to assert claims which relate to alleged acts of alleged discrimination or retaliation not encompassed within a charge filed with the California Department of Fair Employment and Housing ("DFEH") or any appropriate state or local agency, these claims and/or events are not properly before the Court, jurisdictionally or otherwise.

### EIGHTH AFFIRMATIVE DEFENSE

#### (Offset)

8.      Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendant is entitled to an offset for any monies Plaintiff received from any source after Plaintiff ceased to be employed by Defendant under the doctrine prohibiting double recovery set forth by *Witt v. Jackson* (1961) 57 Cal.2d 57 and its progeny.

### NINTH AFFIRMATIVE DEFENSE

#### (Legitimate Business Justification / At-Will Employment)

9.      Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because all decisions related to Plaintiff's at-will employment were based on legitimate, non-discriminatory, and/or non-retaliatory business reasons.

/ / /

**TENTH AFFIRMATIVE DEFENSE**

**(Avoidable Consequences)**

10.     Plaintiff's allegations are barred and/or any recovery of damages is precluded because Plaintiff unreasonably failed to take advantage of available preventive or corrective opportunities or to avoid harm otherwise. *State Dept. of Health Servs. v. Super. Ct. of Sacramento Cnty. (McGinnis)* (2000) 31 Cal.4th 1026.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Exercise of Reasonable Care)**

11.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendant exercised reasonable care to prevent and correct any alleged discriminatory or retaliatory behavior.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Privileged, Good Faith & Justified Conduct)**

12.     Any recovery on Plaintiff's Complaint is barred because Defendant's conduct was privileged, made in good faith and/or justified under applicable law and for valid business reasons.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Same Decision / Mixed Motive)**

13.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because, assuming *arguendo* that discriminatory or retaliatory reasons had been a motivating factor in any employment decisions toward Plaintiff, Defendant would have made the same employment decisions toward Plaintiff in any case for separate legitimate and lawful business reasons.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Undue Hardship)**

14.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in that accommodation of Plaintiff's alleged disability would impose an undue hardship upon Defendant.

/ / /

/ / /

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Workers' Compensation Pre-emption)

15.     To the extent Plaintiff's Complaint, or any purported cause of action therein, alleges emotional or physical injury, this Court lacks jurisdiction, and any recovery is barred by the exclusivity of remedy under the California Workers' Compensation Act, Labor Code section 3600, *et seq*.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (No Ratification)

16.     Prior to the filing of Plaintiff's Complaint, Defendant was unaware of the conduct alleged in the Complaint and has not ratified, condoned, or adopted any alleged unlawful conduct.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (No Vicarious Liability)

17.     As a separate and affirmative defense, Defendant alleges that any loss, injury, or damage incurred by Plaintiff was proximately caused by the negligent or willful acts or omissions of parties whom Defendant neither controlled nor had the right to control, and was not proximately caused by an acts, omissions, or other conduct of Defendant.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Unrelated, Pre-Existing, or Subsequent Conditions)

18.     Plaintiff's damages, if any, were proximately caused by unforeseeable, independent, intervening, pre-existing or subsequent, and/or superseding acts beyond the control and unrelated to the actions or conduct of Defendant.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (At-Will Employment)

19.     As a separate and affirmative defense, Defendant alleges that Plaintiff's employment was terminable at-will and thus, the Complaint, and each purported cause of action alleged therein, is barred by Labor Code section 2922.

/ / /

/ / /

/ / /

## NINETEENTH AFFIRMATIVE DEFENSE

### (Contributory Negligence)

20.     As a separate and affirmative defense, Defendant alleges that the injuries and damages alleged in the Complaint were caused by and/or were contributed to by Plaintiff's own acts or failure to act and that Plaintiff's recovery should be reduced by an amount in proportionate to the amount by which said acts caused or contributed to said alleged injuries or damages.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Punitive Damages Unconstitutional)

21.     Although Defendant denies that it has committed or has responsibility for any act that could support recovery against Defendant in this lawsuit, if any, to the extent any such act is found, such recovery against Defendant is unconstitutional under numerous provisions of the United States Constitution and the California Constitution.

## TWENTY-SECOND FFIRMATIVE DEFENSE

### (Not Willful)

22.     To the extent Claimant seeks statutory penalties for alleged willful failure to comply with the requirements of the Labor Code, such penalties are barred or must be reduced because Respondent did not willfully violate the requirements of Labor Code sections 201, 202, and 203, or any other applicable Labor Code section, Plaintiff suffered no harm, and a good faith dispute exists concerning such alleged violations.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Pre-Existing Physical or Mental Conditions)

23.     Any recovery on Plaintiff's claims for emotional distress damages are barred, on whole or in part, to the extent Plaintiff seeks redress for physical and/or emotional injuries arising from pre-existing physical and/or mental conditions.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Failure to Perform Responsibilities)

24.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is

barred in whole or in part by Plaintiff's failure to satisfactorily perform her job responsibilities and otherwise conduct herself in accordance with the standards and policies of Defendant.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Does)

25.    Defendant is not liable for the actions, conduct, or omissions of those defendants fictitiously named as Does 1 through 20.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Defendants Entitled to Fees and Costs)

26.    Defendant has engaged attorneys to represent it in defense of Plaintiff's frivolous, unfounded and unreasonable action, and, Defendant is thereby entitled to an award of reasonable attorneys' fees and costs, including but not limited to pursuant to Government Code section 12965 and Code of Civil Procedure section 128.7, upon judgment thereon in Defendants' favor.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Business Necessity/Job Related)

27.    As a separate and distinct affirmative defense, Defendant alleges, without admitting that Defendant engaged in any of the acts or omissions alleged in Plaintiff's Complaint, that any such acts or omissions were justified by a business necessity and/or were job related because there exists an overriding business purpose for the safe and efficient operation of the business, and the challenged practice effectively fulfills the business purpose it is supposed to serve.

## TWENTY-EIGHTH FFIRMATIVE DEFENSE

### (Additional Defenses)

28.    Defendant may have additional defenses that cannot be articulated due to Plaintiff's failure to particularize Plaintiff's claims, due to the fact that Defendant does not have copies of certain documents bearing on Plaintiff's claims, and/or due to Plaintiff's failure to provide more specific information concerning the nature of the alleged damage and claims for certain costs which Plaintiff alleges that Defendant may share some responsibility. Defendant therefore reserves the right to assert additional defenses upon further particularization of Plaintiff's claims, upon examination of the documents provided,

DEFENDANT WESTERN GOVERNORS UNIVERSITY'S ANSWER TO PLAINTIFF'S COMPLAINT

upon discovery of further information concerning the alleged damage claims and claims for costs, and upon the development of other pertinent information.

WHEREFORE, Defendant prays for judgment as follows:

1.     That Plaintiff's Complaint be dismissed in its entirety with prejudice;

2.     That Plaintiff take nothing by this action;

3.     That Plaintiff be denied each and every demand and prayer for relief contained in the Complaint;

4.     That Defendant recover its costs of suit and attorneys' fees incurred herein; and

5.     That Defendant be awarded such other and further relief as the Court deems just and proper.


Dated:  October 5, 2023                    JACKSON LEWIS P.C.


By:_____
Alison L. Lynch
Sarah Raoof

Attorneys for Defendant WESTERN GOVERNORS UNIVERSITY

## PROOF OF SERVICE

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**CASE NAME:**     *Lindsey Mack v. Western Governors' University, et al.*

**CASE NUMBER:**     37-2023-00037783-CU-OE-CTL

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 200 Spectrum Center Drive, Suite 500, Irvine, California 92618.

On October 5, 2023, I served the foregoing document described as **DEFENDANT WESTERN GOVERNORS UNIVERSITY'S ANSWER TO PLAINTIFF'S COMPLAINT** in this action by transmitting a true copy thereof as follows:

| | |
|---|---|
| Kamran Shahabi | Attorneys for Plaintiff |
| Paul Nolan | LINDSEY MACK |
| VALIANT LAW | |
| 800 Ferrari Lane, Suite 100 | Telephone:     (909) 677-2270 |
| Ontario, CA  91764 | Fax:               (909) 677-2290 |
| | Email: ks@valiantlaw.com |
| | pjn@valiantlaw.com |

**[XX]   BY MAIL**   I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**[XX]   BY E-MAIL OR ELECTRONIC TRANSMISSION**   Based on a Court order or on an agreement by the parties to accept service by e-mail or electronic transmission, I caused the document(s) described above to be sent from e-mail address aracely.escobedo@jacksonlewis.com to the persons at the e-mail address listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on October 5, 2023, at Irvine, California.

_____
Aracely Escobedo

4892-7511-0785, v. 2

1
PROOF OF SERVICE